IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMAREE WILLIAMS; ) | |
| NAYATI JOHNSON, JR. ) | |
| Plaintiffs, ) | |
| v. ) | Case No. |
| ) | |
| CITY OF CHICAGO, a municipal corporation, ) | PLAINTIFF DEMANDS |
| and ) | |
| POLICE OFC. J. ALVARADO (#8048); ) | JURY TRIAL |
| POLICE OFC. JAMES BOODEN (#14508); ) | |
| POLICE OFC. JOHN DOE; ) | |
| POLICE OFC. JANE DOE. ) | |
| Defendants. ) | |

## COMPLAINT

NOW COME the Plaintiffs, EMAREE WILLIAMS ("Williams") and NAYATI JOHNSON, JR. ("Johnson") ("Collectively PLAINTIFFS"), by and through attorney, Law Office of Joel Rabb & Associates, and complaining of Defendants, CITY OF CHICAGO, a municipal corporation ("City"), POLICE OFC. J. ALVARADO (#8048); POLICE OFC. JAMES BOODEN (#14508); POLICE OFC. JOHN DOE; and POLICE OFC. JANE DOE.; (hereinafter referred to as "Officers") states as follows:

### JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. §1391(b) as the events giving rise to the claims asserted in this complaint occurred in the Northern District of Illinois.

### PARTIES

4. Plaintiff, Williams, is, and at all times material was, a citizen of the State of Illinois

1

and the United States.

5. Plaintiff, Johnson, is, and at all times material was, a citizen of the State of Illinois and the United States.

6. Defendant, POLICE OFC. J. ALVARADO (#8048), ("Alvarado") was at all times relevant hereto a Chicago Police Officer employed by the Defendant, City of Chicago, and was acting under the color of law and within the scope of his employment.

7. Defendant, POLICE OFC. JAMES BOODEN (#14508), ("Booden") was at all times relevant hereto a Chicago Police Officer employed by the Defendant, City of Chicago, and was acting under the color of law and within the scope of his employment.

8. Defendant, POLICE OFC. JOHN DOE, was at all times relevant hereto a Chicago Police Officer employed by the Defendant, City of Chicago, and was acting under the color of law and within the scope of his employment.

9. Defendant, POLICE OFC. JANE DOE, was at all times relevant hereto a Chicago Police Officer employed by the Defendant, City of Chicago, and was acting under the color of law and within the scope of his employment.

10. Defendant, City of Chicago, is a municipal corporation and public entity incorporated under the laws of Illinois.

**FACTS COMMON TO ALL COUNTS**

11. On or about October 16, 2023 at 10:50 a.m., Plaintiffs were involved in a motor vehicle collision with a third-party driving a business box truck erratically.

12. Plaintiffs were side-swiped by the third-party on the Eisenhower Expressway as the third-party exited the expressway.

13. Plaintiffs proceeded to follow the box truck to obtain vehicle information and inform the Chicago Police Department.

14. Shortly after exiting, the Officers, on routine patrol, saw the vehicles and curbed both vehicles with all parties exiting to relay information.

15. During this time, Plaintiffs expressed that, on information and belief, the occupants of the box truck were driving erratically and were seen dumping what, on information and belief was, alcohol.

16. Contrary to the Illinois Traffic Report statement, Plaintiffs were unlawfully

detained, their person and property searched, and arrested after the exchange of information.

17. Williams was arrested and charged with aggravated assault/ use of a deadly weapon and carry / possess a firearm in public.

18. Johnson was arrested and charged with supplying a firearm to a minor.

19. Plaintiffs were not read their Miranda rights at any point.

20. At the time of the accident, both Plaintiffs were over the age of eighteen.

21. At the time of the accident, Johnson had a valid conceal carry license and was operating the vehicle.

22. At the time of the accident, Williams was not in possession of a firearm and was a passenger in the vehicle.

23. Plaintiffs were then taken to the police station.

24. Once at the police station, Plaintiffs, still in handcuffs, were placed in a room and questioned by Officers.

25. During Plaintiffs' time at the police station, they were, again, not read their Miranda rights.

26. The above actions by the Officers were unnecessary, deliberately intended to punish and injure Plaintiffs and were willful and wanton.

27. The above actions by the Officers were part of a conspiracy and agreement amongst themselves to hide the aggressive detainment of Plaintiffs.

28. In furtherance of this conspiracy, the Officers filled out and filed false and incomplete reports related to Plaintiffs' arrest and injuries.

29. The charges against Plaintiffs were filed on October 17, 2023 and disposed of on November 20, 2023.

30. As a direct and proximate result of the malicious actions of the coconspirators, Williams and Johnson were injured, including the loss of freedom, loss of property, damage to his reputation, humiliation, pain, suffering, the deprivation of constitutional rights and dignity, lost time, attorney's fees, and extreme emotional distress.

31. As a proximate result of the physical and psychological torture inflicted by the Officers, Williams and Johnson suffered physical injuries, acute pain, suffering, and emotional distress.

### COUNT I - 42 U.S.C. § 1983 and 1988
### WILLIAMS v. DEFENDANTS

32. Plaintiff re-alleges paragraphs 1-31 as though fully set forth herein.

33. As described in the preceding paragraphs, the intentional conduct of Officers toward Williams was objectively unreasonable and constitutes excessive force in violation of the Fourth Amendment and the Fourteenth Amendment to the United States Constitution.

34. As a direct and proximate result of Officers use of excessive force, Plaintiff suffered physical and emotional damages including, but not limited to, the delay in medical treatment, which will be proven at trial.

35. One or more of Officers were aware of their fellow officers' misconduct and had a reasonable opportunity to intervene to prevent it but failed to do so.

36. Further, the actions of the Officers were excessive in that Williams was being detained for false charges.

WHEREFORE, Plaintiffs pray this Honorable Court enter judgment against Defendants, Officers, in an amount sufficient to compensate for the injuries suffered, plus asubstantial sum in punitive damages as well as costs, attorney's fees and such other relief favorableto Plaintiffs that this Court deems just and equitable.

### COUNT II
### 42 U.S.C. §§ 1983, 1985 and 1986
### WILLIAMS v. DEFENDANTS

37. Plaintiff re-alleges paragraphs 1-36 as though fully set forth herein.

38. Officers expressly conspired and agreed to violate Williams' constitutional rights and to cover up their misconduct, acting in furtherance of this conspiracy as more fully described above.

39. The searches and seizures of Williams' person and property performed willfully and wantonly by the Officers, as detailed above, individually and in conspiracy with each other, were in violation of Williams' right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and U.S.C. § 1983.

40. As a proximate result of the above-detailed actions of defendants, Williams was injured, including the deprivation of his liberty and the taking of his property.

41. As a direct and proximate result of the Officers' conspiracy, Williams suffered physical and emotional damages which will be proven at trial.

42. On information and belief, one or more of Officers were aware of their fellow officers' misconduct and had a reasonable opportunity to intervene to prevent it but failed to do so.

WHEREFORE, Plaintiffs pray this Honorable Court enter judgment against Defendant, Officers, in an amount sufficient to compensate for the injuries suffered, plus asubstantial sum in punitive damages as well as costs, attorney's fees and such other relief favorableto Plaintiffs that this Court deems just and equitable.

## COUNT III
## 42 U.S.C. § 1983 *Monell* Claim
## WILLIAMS v. DEFENDANTS

43. Plaintiff re-alleges paragraphs 1-42 as though fully set forth herein.

44. Williams' injuries in this case were proximately caused by policies and practices of Defendant, City of Chicago, which allows its police officers to violate the constitutional rights of citizens without fear of any real punishment for such misconduct. In this way, Defendant, City of Chicago, violated Williams' rights since it created the opportunity for Defendant Officers to commit the foregoing constitutional violations.

45. The customs, policies, and practices that caused the constitutional violations herein alleged include:

 a. excessive force by the Officers;

 b. mental abuse, oral abuse, and oral assaults by the Officers;

 c. the filing of false and incomplete police reports to hide criminal and unconstitutional conduct by the Officers;

 d. a code of silence whereby the Officers refuse to report the unconstitutional and criminal misconduct of other officers, including the unconstitutional and criminal conduct alleged in this Complaint;

 e. a code of silence whereby the Officers remain silent or give false and misleading information during official investigations to cover up unconstitutional and criminal misconduct, to protect themselves, and to

protect other officers;

f. the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in regard to unconstitutional and criminal misconduct;

g. the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in order to prevent unconstitutional and criminal misconduct by police officers;

h. the failure to adequately investigate and substantiate allegations of unconstitutional and criminal misconduct by police officers;

i. the failure to adequately discipline police officers that engage in unconstitutional and criminal misconduct;

j. the encouragement and propagation of the misconduct complained of in subparagraphs (a)-(i) by stamping official approval on officers' unconstitutional and criminal misconduct through the Office of Professional Standards;

k. the approval, support, and encouragement of unconstitutional and criminal misconduct by police officers to avoid financial loss; and

l. the failure to deter police officers from engaging in unconstitutional and criminal misconduct through deficient, defective, and ineffectual investigatory and disciplinary procedures, as promulgated by the Office of Professional Standards.

46. The above-described misconduct has become so common as to be a widespread practice, and so well settled as to constitute *de facto* policy in the police department. This policy was able to exist and thrive because governmental policymakers with authority over the same exhibit are indifference to the problem, thereby effectively ratifying it.

47. The widespread practice described in the preceding paragraphs was allowed to flourish because Defendant, City of Chicago, has declined to implement sufficient training and/or any legitimate and/or effective mechanisms for oversight and/or punishment of police officer misconduct.

48. The City of Chicago policy makers acted willfully, wantonly, and deliberately indifferent towards the constitutional rights of Williams by accepting, monitoring, maintaining,

protecting, and encouraging the unconstitutional policies, practices, and customs listed in paragraph 45 of this Complaint.

49. By acting willfully, wantonly, and deliberately indifferent towards the constitutional rights of Williams, the City of Chicago policy makers approved, encouraged, and caused the constitutional violations alleged in this Complaint.

50. As a proximate result of the above-detailed actions of the Officers and City of Chicago policy makers, Williams was injured, including injuries resultant from the above detailed constitutional violations, pain, suffering, anguish, embarrassment, emotional injuries, mental injuries, psychological injuries, and physical injuries.

51. As a direct and proximate result of Defendant, City of Chicago, policies and procedures, Williams suffered physical and emotional damages which will be proven at trial.

WHEREFORE, Plaintiffs pray this Honorable Court enter judgment against Defendant, City of Chicago, in an amount sufficient to compensate for the injuries he has suffered, as well as costs, attorney's fees and such other relief favorable to Plaintiffs that this Court deems just and equitable.

## COUNT IV
## 745 ILCS 10/9-102
## WILLIAMS v. DEFENDANTS

52. Plaintiffs re-alleges paragraphs 1-36 as though fully set forth herein.

53. As more fully described above, Officers willfully and wantonly and without legal justification, used physical force upon Williams without his consent.

54. Defendant, City of Chicago, is the employer of the Defendant Officers.

55. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

56. Illinois law provides that public entities such as Defendant, City of Chicago, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within thescope of his or her employment.

57. At all times relevant hereto, Defendants, Officers, were agents of Defendant, City of Chicago, and acting within the scope of their employment as City of Chicago Police Officers. Defendant, City of Chicago, is therefore liable as principal for all torts committed by Defendants, Officers.

7

WHEREFORE, Plaintiffs pray this Honorable Court enter judgment against Defendants, Officers and Defendant, City of Chicago, in an amount sufficient to compensate for the injuries he has suffered, as well as such other relief favorable to Plaintiffs that this Court deems just and equitable.

## COUNT V
## False Arrest
## WILLIAMS v. DEFENDANTS

58. Plaintiffs re-allege paragraphs 1-36 as though fully set forth herein.

59. By the actions detailed above, and by participating in the above-described conspiracy, the Officers knowingly sought to and did in fact arrest Williams on false charges for which they knew there was no probable cause.

60. As a direct and proximate result of the false arrest, Williams. was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, pain, and anguish.

61. The City of Chicago is sued in this Count pursuant to the doctrine of *respondent superior*, in that the Defendant Officers performed the actions complained of while on duty and in the employ of Defendant, City of Chicago, and while acting within the scope of their employment.

WHEREFORE, Plaintiffs pray this Honorable Court enter judgment against Defendants, Officers and Defendant, City of Chicago, in an amount sufficient to compensate for the injuries he has suffered, as well as such other relief favorable to Plaintiffs that this Court deems just and equitable.

## COUNT VI
## Intentional Infliction of Emotional Distress
## WILLIAMS v. DEFENDANTS

62. Plaintiffs re-allege paragraphs 1-36 as though fully set forth herein.

63. The above-detailed conduct by the Officers was extreme and outrageous, exceeding all bounds of human decency.

64. The Officers performed the acts detailed above with the intent of inflicting severe emotional distress on Williams or with knowledge of the high probability that the conduct would cause such distress.

65. As a direct and proximate result of this conduct, Williams did in fact suffer severe emotional

distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, fear, and flashbacks.

66. The City of Chicago is sued in this Count pursuant to the doctrine of *respondent superior*, as the Defendant Officers performed the actions complained of while on duty and in the employ of City of Chicago, and while acting within the scope of employment.

WHEREFORE, Plaintiffs pray this Honorable Court enter judgment against Defendants, Officers and Defendant, City of Chicago, in an amount sufficient to compensate for the injuries he suffered, as well as such other relief favorable to Plaintiffs that this Court deems just and equitable.

### COUNT VII - 42 U.S.C. § 1983 and 1988
### JOHNSON v. DEFENDANTS

67. Plaintiff re-alleges paragraphs 1-31 as though fully set forth herein.

68. As described in the preceding paragraphs, the intentional conduct of Officers toward Johnson was objectively unreasonable and constitutes excessive force in violation of the Fourth Amendment and the Fourteenth Amendment to the United States Constitution.

69. As a direct and proximate result of Officers use of excessive force, Plaintiff suffered physical and emotional damages including, but not limited to, the delay in medical treatment, which will be proven at trial.

70. One or more of Officers were aware of their fellow officers' misconduct and had a reasonable opportunity to intervene to prevent it but failed to do so.

71. Further, the actions of the Officers were excessive in that Johnson was being detained for false charges.

WHEREFORE, Plaintiffs pray this Honorable Court enter judgment against Defendants, Officers, in an amount sufficient to compensate for the injuries suffered, plus asubstantial sum in punitive damages as well as costs, attorney's fees and such other relief favorableto Plaintiffs that this Court deems just and equitable.

### COUNT VIII
### 42 U.S.C. §§ 1983, 1985 and 1986
### JOHNSON v. DEFENDANTS

72. Plaintiff re-alleges paragraphs 1-31 as though fully set forth herein.

73. Officers expressly conspired and agreed to violate Johnson's constitutional rights

and to cover up their misconduct, acting in furtherance of this conspiracy as more fully described above.

74. The searches and seizures of Johnson's person and property performed willfully and wantonly by the Officers, as detailed above, individually and in conspiracy with each other, were in violation of Johnson's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and U.S.C. § 1983.

75. As a proximate result of the above-detailed actions of defendants, Johnson was injured, including the deprivation of his liberty and the taking of his property.

76. As a direct and proximate result of the Officers' conspiracy, Johnson suffered physical and emotional damages which will be proven at trial.

77. On information and belief, one or more of Officers were aware of their fellow officers' misconduct and had a reasonable opportunity to intervene to prevent it but failed to do so.

WHEREFORE, Plaintiffs pray this Honorable Court enter judgment against Defendant, Officers, in an amount sufficient to compensate for the injuries suffered, plus asubstantial sum in punitive damages as well as costs, attorney's fees and such other relief favorableto Plaintiffs that this Court deems just and equitable.

### COUNT IX
### 42 U.S.C. § 1983 *Monell* Claim
### JOHNSON v. DEFENDANTS

78. Plaintiff re-alleges paragraphs 1-31 as though fully set forth herein.

79. Johnson's injuries in this case were proximately caused by policies and practices of Defendant, City of Chicago, which allows its police officers to violate the constitutional rights of citizens without fear of any real punishment for such misconduct. In this way, Defendant, City of Chicago, violated Johnson's rights since it created the opportunity for Defendant Officers to commit the foregoing constitutional violations.

80. The customs, policies, and practices that caused the constitutional violations herein alleged include:

    m. excessive force by the Officers;

    n. mental abuse, oral abuse, and oral assaults by the Officers;

      o.    the filing of false and incomplete police reports to hide criminal and unconstitutional conduct by the Officers;

      p.    a code of silence whereby the Officers refuse to report the unconstitutional and criminal misconduct of other officers, including the unconstitutional and criminal conduct alleged in this Complaint;

      q.    a code of silence whereby the Officers remain silent or give false and misleading information during official investigations to cover up unconstitutional and criminal misconduct, to protect themselves, and to protect other officers;

      r.    the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in regard to unconstitutional and criminal misconduct;

      s.    the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in order to prevent unconstitutional and criminal misconduct by police officers;

      t.    the failure to adequately investigate and substantiate allegations of unconstitutional and criminal misconduct by police officers;

      u.    the failure to adequately discipline police officers that engage in unconstitutional and criminal misconduct;

      v.    the encouragement and propagation of the misconduct complained of in subparagraphs (a)-(i) by stamping official approval on officers' unconstitutional and criminal misconduct through the Office of Professional Standards;

      w.    the approval, support, and encouragement of unconstitutional and criminal misconduct by police officers to avoid financial loss; and

      x.    the failure to deter police officers from engaging in unconstitutional and criminal misconduct through deficient, defective, and ineffectual investigatory and disciplinary procedures, as promulgated by the Office of Professional Standards.

81.    The above-described misconduct has become so common as to be a widespread practice, and so well settled as to constitute *de facto* policy in the police department. This policy

was able to exist and thrive because governmental policymakers with authority over the same exhibit are indifference to the problem, thereby effectively ratifying it.

82. The widespread practice described in the preceding paragraphs was allowed to flourish because Defendant, City of Chicago, has declined to implement sufficient training and/or any legitimate and/or effective mechanisms for oversight and/or punishment of police officer misconduct.

83. The City of Chicago policy makers acted willfully, wantonly, and deliberately indifferent towards the constitutional rights of Williams by accepting, monitoring, maintaining, protecting, and encouraging the unconstitutional policies, practices, and customs listed in paragraph 80 of this Complaint.

84. By acting willfully, wantonly, and deliberately indifferent towards the constitutional rights of Williams, the City of Chicago policy makers approved, encouraged, and caused the constitutional violations alleged in this Complaint.

85. As a proximate result of the above-detailed actions of the Officers and City of Chicago policy makers, Johnson was injured, including injuries resultant from the above detailed constitutional violations, pain, suffering, anguish, embarrassment, emotional injuries, mental injuries, psychological injuries, and physical injuries.

86. As a direct and proximate result of Defendant, City of Chicago, policies and procedures, Johnson suffered physical and emotional damages which will be proven at trial.

WHEREFORE, Plaintiffs pray this Honorable Court enter judgment against Defendant, City of Chicago, in an amount sufficient to compensate for the injuries he has suffered, as well as costs, attorney's fees and such other relief favorable to Plaintiffs that this Court deems just and equitable.

## COUNT X
## 745 ILCS 10/9-102
## JOHNSON v. DEFENDANTS

87. Plaintiffs re-alleges paragraphs 1-36 as though fully set forth herein.

88. As more fully described above, Officers willfully and wantonly and without legal justification, used physical force upon Johnson without his consent.

89. Defendant, City of Chicago, is the employer of the Defendant Officers.

90. Defendant Officers committed the acts alleged above under color of law and in the

scope of their employment as employees of the City of Chicago.

91. Illinois law provides that public entities such as Defendant, City of Chicago, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within thescope of his or her employment.

92. At all times relevant hereto, Defendants, Officers, were agents of Defendant, City of Chicago, and acting within the scope of their employment as City of Chicago Police Officers. Defendant, City of Chicago, is therefore liable as principal for all torts committed by Defendants, Officers.

WHEREFORE, Plaintiffs pray this Honorable Court enter judgment against Defendants, Officers and Defendant, City of Chicago, in an amount sufficient to compensate for the injurieshe has suffered, as well as such other relief favorable to Plaintiffs that this Court deems just and equitable.

## COUNT XI
### False Arrest
### JOHNSON v. DEFENDANTS

93. Plaintiffs re-allege paragraphs 1-31 as though fully set forth herein.

94. By the actions detailed above, and by participating in the above-described conspiracy, the Officers knowingly sought to and did in fact arrest Johnson on false charges for which they knew there was no probable cause.

95. As a direct and proximate result of the false arrest, Johnson was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, pain, and anguish.

96. The City of Chicago is sued in this Count pursuant to the doctrine of *respondent superior*, in that the Defendant Officers performed the actions complained of while on duty and in the employ of Defendant, City of Chicago, and while acting within the scope of their employment.

WHEREFORE, Plaintiffs pray this Honorable Court enter judgment against Defendants, Officers and Defendant, City of Chicago, in an amount sufficient to compensate for the injurieshe has suffered, as well as such other relief favorable to Plaintiffs that this Court deems just and equitable.

## COUNT XII
## Intentional Infliction of Emotional Distress
### JOHNSON v. DEFENDANTS

97. Plaintiffs re-allege paragraphs 1-31 as though fully set forth herein.

98. The above-detailed conduct by the Officers was extreme and outrageous, exceeding all bounds of human decency.

99. The Officers performed the acts detailed above with the intent of inflicting severe emotional distress on Johnson or with knowledge of the high probability that the conduct would cause such distress.

100. As a direct and proximate result of this conduct, Johnson did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, fear, and flashbacks.

101. The City of Chicago is sued in this Count pursuant to the doctrine of *respondent superior*, as the Defendant Officers performed the actions complained of while on duty and in the employ of City of Chicago, and while acting within the scope of employment.

WHEREFORE, Plaintiffs pray this Honorable Court enter judgment against Defendants, Officers and Defendant, City of Chicago, in an amount sufficient to compensate for the injuries he suffered, as well as such other relief favorable to Plaintiffs that this Court deems just and equitable.

By: //s/ Joel Rabb
One of Plaintiffs' Attorneys

Law Office of Joel Rabb & Associates
65 West Jackson Blvd., #209
Chicago, Illinois 60604
Ph. 312-593-8661
Joel@joelrabblaw.com
ARDC No. 6305201